

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Listiani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Listiani v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2752
_____

LENY LISTIANI AND FU-CIEN THONG,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from
the Board of Immigration Appeals
BIA Nos: A95-462-716, A95-462-717
Immigration Judge: Esmeralda Cabrera

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 3, 2008

Before: FUENTES, JORDAN, Circuit Judges, and DUBOIS,* District Judge.

(Opinion Filed:   January 30, 2008)

_____

* Honorable Jan E. DuBois, Senior District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, <u>Circuit Judge</u>.

Leny Listiani and Fu-Cien Thong, ethnically Chinese immigrants from Indonesia, seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), dated April 20, 2006, affirming the immigration judge's ("IJ") removal order entered on October 27, 2004.[1] For the reasons that follow, the petition will be denied.

Thong, Listiani's husband, entered the United States on a tourist visa in August of 1998 and Listiani followed, arriving on a tourist visa in July of 2000. Listiani applied for asylum, with Thong as a rider, in May of 2001. Thong and Listiani seek asylum, withholding of removal, and CAT relief on the basis that Listiani was discriminated against in Indonesia because of her Chinese ethnicity.

At the hearing on their petitions, the petitioners conceded removability. Listiani testified about being forced to perform oral sex on a superior at her job for an agar[2] factory in 1996. She stated that she bit his penis in order to get away from him and was

_____

[1] The BIA's jurisdiction arose under 8 C.F.R. § § 1003.1(b)(3), 1240.15, and 1240.53, which grant the BIA appellate jurisdiction over the decisions of IJs in removal proceedings. We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252.

[2] Agar, also called agar agar, is a type of jelly.

2

fired from her job two days later.[3]  She testified that Thong, then her boyfriend, told her to call the police but that she refused.

After the hearing, the IJ denied their petitions, finding, among other things, that Listiani had presented no evidence that she had been raped.  On appeal, the BIA held that the IJ had committed clear error by not finding, on the uncontradicted evidence, that Listiani had been raped.  Nevertheless, the BIA affirmed the IJ's decision denying relief because the petitioners had not shown that the rape took place on account of a protected ground.  This appeal followed.

Listiani and Thong ask the court to consider three issues:[4]  1) whether Listiani's petition should be granted on the basis that her rape constituted persecution on a protected ground, 2) whether the IJ erred by refusing to permit the petitioners to testify in their native language through an interpreter, and 3) whether the IJ acted improperly by yelling

---

[3] She also testified that she was the victim of other anti-Chinese violence but she does not appeal the IJ's decision not to grant her petition on this basis.  Specifically, she testified that in 1998, she was caught in the middle of a mob shouting "Let's kill Chinese" and managed to hide in the home of an older Chinese couple.  (Admin. R. 204.)  She testified that the mob broke into the house, beat them and demanded to know where their valuables were hidden.  According to her, she eventually escaped to a place that was safe from the mob but the police stood by and did not nothing to help her.  After this event, Thong obtained a visa to go to the United States to prepare to bring his family over.  In 2000, Listiani testified that she was attacked again, by men who mugged her and her family, striking her father with a metal rod.  After that event, she obtained a visa and entered the United States.  She left her daughter with her mother because she could not obtain a visa for her.

[4] The petitioners present six different issues in their brief but we consider the issues raised regarding Listiani's rape together.

3

at Thong for describing his history of discrimination as an ethnic Chinese man in Indonesia.

We review the IJ's or BIA's findings of fact under the deferential substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Under this standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). On the other hand, when we review "the BIA's application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, our review is de novo." Yi Long Yang v. Gonzales, 478 F.3d 133, 141 (2d Cir.2007).

Listiani's complaint that the IJ improperly held that she was not raped is moot as the BIA has already ruled that the IJ's holding was error. Thus, there is no dispute that Listiani was a victim of sexual assault. The question is whether that assault is the proper basis for granting Listiani's petition. Listiani asserts for the first time in her brief to this court that she was raped because her assailant felt that he would be able to get away with it because she is ethnically Chinese. Since she failed to raise this argument before the IJ or BIA, it is unexhausted and unreviewable pursuant to 8 U.S.C. § 1252(d)(1).[5] There is no basis in the law to grant a petition to an individual who has been raped, absent an

---

[5] In her brief to the BIA, though she argued that Chinese women have been historically targeted as rape victims in Indonesia, she did not present any evidence indicating that the sexual assault she suffered was motivated by her ethnicity. (Admin. R. 18.)

4

argument that the rape was committed on account of a statutorily protected ground.

Second, Listiani complains that the IJ refused to allow the petitioners to use a translator. The BIA found the IJ's decision "to keep an interpreter on hand [to be] ameliorative of any prejudice either respondent could allege, and insufficient for us to disturb the result here." (Admin. R. 4.) The BIA's decision on this issue was not error.

Finally, Listiani accuses the IJ of going off the record to make particularly hostile comments to the petitioners, such as yelling at Thong for "denigrating native Indonesians" after he described the discrimination he experienced in Indonesia. (Pet. Br. at 15.) This claim is not exhausted and, thus, we cannot review it. 8 U.S.C. § 1252(d)(1).

For the reasons stated, the petition will be denied.